UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                 Crim. No. 06-403-HA

MICHAEL LEE TOLLE,                OPINION AND ORDER

        Defendant.

_____

HAGGERTY, Chief Judge:

       Defendant Michael Lee Tolle is charged with being a felon in possession of a firearm in

violation of 18 U.S.C. § 922(g).  Defendant has filed a Motion to Suppress Evidence and

Statements, and For Dismissal After Suppression [22].  On July 30, 2007, this court held an

evidentiary hearing regarding this motion at which defense witness Teresa Jeffers was sworn and

presented testimony.  The presentation of further testimony and oral argument was continued to

allow the court to consider the government's sealed, *ex parte* Motion For *in camera* Review of

evidence pertaining to certain off-duty conduct of the Gresham Police Officer who stopped and

arrested defendant.  The court reviewed the material submitted for *in camera* review and

determined that the material did not need to be disclosed.  Consequently, testimony and oral

PAGE 1 - OPINION AND ORDER

argument on the Motion to Suppress was resumed on August 3, 2007.  Defendant was permitted

to file a supplemental brief in support of his motion.  Counsel for the government filed a

supplemental response.

## **BACKGROUND**

The following facts are derived from the parties' briefs and the testimony elicited at oral

argument.  Gresham Police Officer Rick Blake was on duty on August 24, 2006, in Gresham,

Oregon.  Shortly after 10:30 a.m. he was traveling northbound on Southeast 148th Avenue near

an intersection with Northeast Glisan Street when he observed a white vehicle traveling

southbound that lacked a front license plate and had a broken windshield.  Officer Blake initiated

a traffic stop of the car near the intersection of East Burnside Street and Southeast 148th Avenue.

Officer Blake observed two occupants, a male driver and female passenger.  Officer

Blake spoke with the driver, subsequently identified as defendant, and asked him for his

driver's license, registration and proof of insurance.  Defendant told Officer Blake that he did not

have a license and indicated the car belonged to his female passenger.  Defendant retrieved the

car's registration but explained that he possessed no identification.

Defendant identified himself as "Christopher Robin Tolle," and provided a birth date of

May 28, 1978.  Officer Blake believed the driver was lying to him.  He returned to his patrol car

and conducted computer checks on "Christopher Robin Tolle."  He determined that the

descriptions of tattoos listed for Christopher Robin Tolle did not match the person who was

driving the vehicle.

However, Officer Blake's computer search found a person named Michael Tolle, who had previously used the name Christopher Robin Tolle.  The computer search indicated that Michael Tolle had a probation violation warrant from Multnomah County, Oregon.

Officer Blake returned to the vehicle he had stopped and placed defendant in custody. Defendant was handcuffed and put in the back of the police vehicle.

Officer Blake then spoke  with the female passenger, who identified herself as Teresa Jeffers.  She identified the driver as Michael Tolle, permitting Officer Blake to conclude with certainty that defendant had provided him with a false name and date of birth.

Officer Blake learned that defendant was suspended from driving privileges, and he subsequently ordered a tow of the vehicle.  He then resumed speaking with Jeffers.  When asked whether there were any guns or drugs in the vehicle, she replied "I don't think so."  Officer Blake then asked her for permission to search for guns and drugs and she responded "Yeah."

Officer Blake's search of the interior of the vehicle revealed a sunglass case on the floor of the passenger side, directly underneath where Jeffers had been sitting.  The case contained six 9mm rounds of ammunition.  Four credit cards, in different names, were found in the center console.  A wallet with a picture of Jeffers and defendant was in a compartment of the passenger side door.  Officer Blake retrieved a blue backpack from the back seat of the vehicle.  Jeffers claimed the backpack belonged to her and gave Officer Blake permission to search the backpack for guns and drugs.

Inside, Officer Blake found a color copy of a Social Security card in the name of "Rebecca Espinosa," a copy of an Oregon identification card in the name of "Rebecca Espanola"

and what appeared to be an authentic Social Security card in the name of "Kathy Juanita Robinson."  Jeffers was taken into custody and advised of her rights.

Officer Blake continued his search of the vehicle.  Under a purse on the passenger side floorboard was a black CD case.  Inside the case was  a loaded .357 caliber revolver with its serial number obliterated. Also inside were several unknown pills and a bag of marijuana, and a credit card in the name of  "Bernice Barker."

Defendant was also advised of his rights and stated that he understood them.  Defendant admitted that he was Michael Tolle and that he possessed the .357 caliber firearm.  He explained that he had bought the gun from an associate, whom he had met in jail, two weeks earlier for $50.  Defendant acknowledged the weapon's obliterated serial number and surmised that the gun might be stolen.  Defendant also admitted possessing the ammunition.  Defendant admitted to having used methamphetamine and marijuana recently, and that the source of his income was selling controlled substances.  Jeffers gave consent to Gresham Detective Scott Hogan to search her apartment after she was interviewed.

There is a factual dispute as to whether Jeffers consented to a search of her vehicle.  She testified that she refused to consent to the search because she wanted to leave to seek medical attention.  Jeffers testified that she did not believe she had a right to refuse to consent to the search, or that her consent mattered.

**STANDARDS**

The United States Constitution provides protections and mandates certain requirements in the event of government seizures of persons or their property.  The Fourth Amendment mandates that:

> The right of the people to be secure in their persons,
> houses, papers, and effects, against unreasonable searches and
> seizures, shall not be violated, and no Warrants shall issue, but
> upon probable cause, supported by Oath or affirmation, and
> particularly describing the place to be searched, and the persons to
> be seized.

United States Constitution, Amend. IV.  This is applied to the states, and state actors, through the

Fourteenth Amendment.  *Elkins v. United States*, 364 U.S. 206, 212-13 (1960).

A police-initiated traffic stop is reasonable under the Fourth Amendment if the police

stop the vehicle because of a "reasonable suspicion" that the vehicle's occupants have broken a

law.  *United States v. Lopez-Soto*, 205 F.3d 1101, 1104-05 (9th Cir. 2000) ("We . . . reaffirm that

the Fourth Amendment requires only reasonable suspicion in the context of investigative traffic

stops.").  Reasonable suspicion exists if "specific, articulable facts . . . together with objective

and reasonable inferences" suggest that the persons detained by the police are engaged in

criminal activity.  *Id*. at 1105 (internal quotation marks and citations omitted).  Here, the

undisputed fact that the vehicle being driven by defendant was potentially unsafe and in an

illegal condition warranted Officer Blake's stop.  This court concludes that the traffic stop was

reasonable under the circumstances and that it did not violate the Fourth Amendment.

A police officer has probable cause to arrest a suspect without a warrant if the available

facts suggest a "fair probability" that the suspect has committed a crime.  *United States v. Hartz*,

458 F.3d 1011, 1018 (9th Cir. 2006) (citing *United States v. Valencia-Amezcua*, 278 F.3d 901,

906 (9th Cir. 2002).  Conducting a search incident to an arrest is legitimate as long as the search

is limited to the arrestee's person and to the area 'within his immediate control,' meaning 'the area

from within which he might gain possession of a weapon or destructible evidence." *United*

*States v. Hudson*, 100 F.3d 1409, 1419 (9th Cir. 1996) (quoting *Chimel v. California*, 395 U.S. 752, 763 (1969)).  The Ninth Circuit in *Hudson* cited with approval authority establishing that "a search incident to arrest was not unreasonable where only a few minutes had passed between the arrest and the search, the defendant was taken to the next room out of concern for the officers' safety, a gun was found in the room where the defendant had been arrested, and the defendant was held near the site of the arrest."  *Id.*, (citing *United States v. Turner*, 926 F.2d 883, 887 (9th Cir. 1991).

When a police officer has made a lawful custodial arrest of the occupant of an automobile, the officer may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.  *United States v. Fixen*, 780 F.2d 1434, 1438 (9th Cir. 1986) (citations and quotation marks omitted).  Searching inside a vehicle occupied by an arrested person is a constitutionally permissible search incident to arrest, as is a full search of the person being arrested.  *Hartz*, 458 F.3d at 1019 (citing *United States v. Robinson*, 414 U.S. 218, 226 (1973); *see also United States v. Rodriguez*, 869 F.2d 479, 483-84 (9th Cir. 1989) (concluding that probable cause existed for a warrantless arrest, and that, incident to that arrest, officers were justified in opening a small container found on the arrestee's person).

Consent to conduct a search is valid where it is "freely and voluntarily given," and this is a question of fact "'to be determined from the totality of all the circumstances.'"  *United States v. Reid*, 226 F.3d 1020, 1026 (9th Cir. 2000) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973)).

The Ninth Circuit considers the following five factors in determining whether a person has freely consented to a search:

PAGE 6 - OPINION AND ORDER

(1) whether defendant was in custody;

(2) whether the arresting officers had their guns drawn;

(3) whether rights and warnings as enunciated in *Miranda v. Arizona*, 384 U.S. 436 (1966), were explained;

(4) whether the defendant was told he or she had the right not to consent; and

(5) whether the defendant was told that a search warrant could be obtained.

*United States v. Jones*, 286 F.3d 1146, 1152 (9th Cir. 2002) (citation omitted).  While no one factor is determinative, *see United States v. Castillo*, 866 F.2d 1071, 1082 (9th Cir. 1988) (citation omitted), the Ninth Circuit's decisions upholding consent as voluntary are typically supported by at least several of these factors.  *Reid*, 226 F.3d at 1026-27 (citations omitted).  The Ninth Circuit has also noted that "it is not necessary for all five factors to be satisfied in order to sustain a consensual search," but rather, "a district court [must] consider the totality of the circumstances when evaluating consent."  *United States v. Cormier*, 220 F.3d 1103, 1113 (9th Cir. 2000) (citation omitted).

The government's burden of demonstrating that the consent was freely and voluntarily given is a heavy one.  *United States v. Chan-Jimenez*, 125 F.3d 1324, 1327 (9th Cir. 1997) (citation omitted).  The Supreme Court noted that the determination of voluntariness must take into account the police questions and tactics, as well as the possibly vulnerable subjective state of the person who consents.  *Schneckloth*, 412 U.S. at 229.

**ANALYSIS**

Defendant's supplemental argument focuses upon establishing that Officer Blake provided contradictory reasons for justifying his search of the vehicle, and opening closed

PAGE 7 - OPINION AND ORDER

containers in the vehicle, at the time of the hearing.  However, "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren v. United States*, 517 U.S. 806, 813 (1996).  In fact, the Supreme Court is "unwilling to entertain Fourth Amendment challenges based on the actual motivations of individual officers." *Id*.  The subjective intent of officers "is relevant to an assessment of the Fourth Amendment implications of police conduct only to the extent that that intent has been conveyed to the person confronted." *Brendlin v. California*, ___U.S. ___, 127 S. Ct. 2400, 2408-09 (2007) (internal quotation and citation omitted).

There is no dispute that regardless of Officer Blake's reasoning at the scene or at the suppression hearing, he did not convey any erroneous, subjective intent to defendant or to Jeffers before embarking upon a search of the vehicle.  There is also no serious dispute that Officer Blake had a reasonable suspicion that defendant had broken motor vehicle laws by operating what appeared plainly to be an unsafe automobile, and that the circumstances occurring after Officer Blake encountered defendant rapidly gave rise to a "fair probability" that defendant had committed one or more a crimes.

As reviewed above, the law is clear that conducting a search incident to an arrest is legitimate as long as the search is limited to the arrestee's person and the area within the arrestee's immediate control, including the passenger compartment of a vehicle being driven by the arrestee.  *Hartz*, 458 F.3d at 1019.  Because Officer Blake's stop of defendant's car was supported by reasonable suspicion, and because he quickly obtained probable cause to arrest defendant for several reasons, the officer's search the vehicle was a constitutionally permissible.

PAGE 8 - OPINION AND ORDER

This court also concludes that Officer Blake properly obtained a valid consent to search the vehicle from Jeffers. Although Jeffers denies providing voluntary consent, two Gresham Police officers, Officer Blake and Officer Schmitt, provided credible, persuasive testimony that Jeffers freely agreed to Officer Blake's search of the vehicle. A third officer, Officer Hogan, also testified that Jeffers later consented to the search of her apartment, and cooperated with that search. This court finds that Jeffers consented voluntarily, without coercion, to both searches.

## CONCLUSION

For the reasons provided, defendant's Motion to Suppress Evidence and Statements, and For Dismissal After Suppression [22] is denied.

IT IS SO ORDERED.

Dated this ___6___ day of December, 2007.


_____/s/ Ancer L. Haggerty___
Ancer L. Haggerty
United States District Judge

PAGE 9 - OPINION AND ORDER